Francis T. Murphy, Jr., J.
Two applications have been made to this court to settle the accounts of trustees. Orders to show cause in these proceedings in which guardians ad litem were appointed were signed after the effective date of the Civil Practice Law and Rules. There are presently before the court two motions to again appoint guardians ad litem or in the alternative to confirm the appointments heretofore made in those orders. These motions are consolidated and will be disposed of together.
The movant contends that the former appointments may be invalid due to the changes effected by the Civil Practice Law and Rules and if so it is questionable if a judgment may be entered which would be .binding on the respondents. Needless to say such a request must assume the invalidity of the prior appointments. It would appear then that the ultimate issue posed by the instant motions tests the power of the court to designate or require the designation of a guardian ad litem in an order to show cause prior to the service thereof.
The court is mindful that the instant motions concern themselves with infants and incompetents, each of whom are wards of this court, and it is within this context that the motions must be decided.
Rule 1202 of article 12 of the Civil Practice Law and Rules which concerns itself with the appointment of guardians ad litem for infants and incompetents is the rule in question. The determination of this motion then is dependent upon a judicial construction of that section. And it would appear that such *114 construction is a case of first impression. Movant’s contention that the court lacks capacity to appoint a guardian ad litem prior to service of the order to show cause is rooted in an alleged restriction articulated in rule 1202 of the Civil Practice Law and Buies.
The movant argues that the critical words “ at any stage in the action” by reason of definition of the word “action” in section 304 of the Civil Practice Law and Buies presupposes that a stage in an action cannot exist before the commencement of that action. Further, that the court cannot appoint a guardian ad litem prior to such commencement of the action as defined in section 304.
It is further argued that the deliberate omission from the Civil Practice Laxy and Buies of the contents of sections 225 and 226 of the Civil Practice Act and rule 21 of the Buies of Civil Practice which authorized the designation of a person to receive service of process;on behalf of an infant or incompetent demonstrates a legislative intent to divest the court of power to appoint a guardian ad litem during the interim period; that is, prior to service of the order to show cause.
The court is of the opinion that any attempt to discern the meaning of a rule or section of one article of the Civil Practice Law and Buies by defining certain of its words by reference to their use in a rule or section of another different article of the act must be undertaken with extreme caution. Especially when, as herein, the article (12) in question, is exclusively concerned with infants and incompetents each of whom occupies a unique status in the law as a ward of the court.
Heretofore, the procedure under the Civil Practice Act and the Buies of Civil Practice on matters such as these was for the court at Special Term to designate a person to receive service of the order to show cause, who on the return date thereof would be appointed guardian ad litem. There are no provisions in the Civil Practice Law and Buies for the continuance of such practice. In explanation of this intentional elimination, the Advisory Committee on Practice and Procedure in its Second Preliminary Beport (N. T. Legis. Doc., 1958, No. 13, p. 158) stated: “ The present provision that the court may order service upon another person in the interest of and on behalf of the infant has been omitted as unnecessary. Ample provisions for protection of the interest of the infant is made in proposed rules 91.2 and 91.3 ”. (Now CPLB 1202, 1203.)
Buie 1202 provides: (a) “The court in which an action is triable may appoint a guardian ad litem at any stage in the action upon its own initiative ”. Subdivision (o) of section 105 *115 of the Civil Practice Law and Rules defines “ Place where action triable ” as “ The place where an action is 1 triable ’ means the place where the action is pending; or, if no action has been commenced, any proper place of trial or any proper place to commence the action ” (emphasis supplied).
The original draft of the Advisory Committee provided for the appointment of a guardian ad litem in the court in which the action is brought at any stage in the action or to the court in which the action is about to be brought. In amending the draft to its present form, the Senate Finance Committee in co-operation with the Senate and Assembly Codes Committees and the Judicial Conference, in its Fifth Preliminary Report to the Legislature (N. Y. Legis. Doc., 1961, No. 15) at page 334, stated, “No change in meaning is intended ” by the rewording.
From the foregoing the court is of the opinion that the Legislature intended to and did delegate to the court the responsibility of protecting the interests of infants and incompetents. That with the enactment of the Civil Practice Law and Rules the court possesses the express discretionary power to appoint, in the first instance, a guardian ad litem in an order to show cause in a proceeding in which an infant or an incompetent has an interest.
Accordingly, the motions to appoint the guardians or to confirm their appointments are denied as unnecessary.